442

**HECHT, LEVIS & KAHN, Inc., v. NEW ZEALAND INS. CO.**

No. 327.

Circuit Court of Appeals, Second Circuit.

June 17, 1941.

See also, D.C., 1 F.R.D. 593.

Horace T. Atkins, of New York City, for appellant.

Gregory S. Rivkins, Hill, Rivkins & Middleton, and Allan B. Lutz, all of New York City, for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

■ The action was upon a policy of marine insurance and was tried by consent without a jury to a judge who made findings of fact. The defendant somewhat faintly argues that even though the rubber was injured by the ship's unusual pounding in the storms she encountered (a whole gale on December 2 and 3, and very heavy weather earlier, though never quite so bad) the damage was not caused by a "peril of the sea." At times it seems to have been thought that that phrase means something different in a bill of lading from what it does in a marine policy. Arbib & Houlberg, Inc. v. Second Russian Insurance Co., 2 Cir., 294 F. 811, 816. But we need not say so; there would be "no reason, and much inconvenience, in holding that the words have different meanings in the two kinds of commercial contract." The G. R. Booth, 171 U.S. 450, 460, 19 S.Ct. 9, 12, 43 L.Ed. 234. We may concede arguendo that they cover only "extraordinary occurrences" (Hazard v. Insurance Company, 8 Pet. 557, 585, 8 L.Ed. 1043) but if so, while they do not include those injuries which are the run of all voyages, they certainly do include occasional visitations of the violence of nature, like great storms, even though these are no more than should be expected. In England the phrase is certainly no less comprehensive. Canada Rice Mills Ltd. v. Union Marine & General Insurance Co., 67 Lloyd's List R. 549 (Privy Council).

■ The only real issue in the case is therefore whether the storms which this ship met caused any part of the damage, and how much; these are questions of fact and the judge has found them against the defendant. The record would not justify us in saying that his finding was "clearly erroneous," Rule 52 (a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, even though we should not have reached the same result ourselves, and we might well have found exactly as he did. True, it would seem as though the pounding of a ship in an ordinary seaway might account for much—perhaps all—of this kind of damage; but the truth seems to be otherwise for rubber cargoes come through quite regularly with good outturn, unlike that at bar. This being datum, it is impos-

sible to see what else but the storms could have so injured this parcel, for the stowage was good; and the judge was certainly not bound to accept the defendant's expert testimony.

Judgment affirmed.